IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| MICHAEL ELDER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 4:13-cv-00047 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CITY OF DANVILLE, VA and | ) | By: Hon. Jackson L. Kiser |
| OFFICER THOMPSON, | ) | Senior United States District Judge |
| | ) | |
| Defendants. | ) | |

Before me is Defendant City of Danville's Motion to Dismiss for Failure to State a Claim [ECF No. 24]. Plaintiff Michael Elder ("Plaintiff"), who is proceeding *pro se*, was served with the Motion and a notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Plaintiff filed a response [ECF No. 30], the City of Danville replied [ECF No. 31], and Plaintiff filed an additional response without leave of court [ECF No. 33]. I have thoroughly reviewed all the filed pleadings and relevant arguments, and the matter is now ripe for decision. For the reasons stated below, I will **GRANT** the City's Motion to Dismiss.

## I.  STATEMENT OF FACTS AND PROCEDURAL BACKGROUND[1]

Plaintiff contends that, on October 25, 2012, he was stopped outside his sister's apartment by Officer Thompson of the Danville Police Department ("DPD"). (See Compl. ¶ 1 [ECF No. 3].) Plaintiff says that he was dropping off his cousin when Officer Thompson "block[ed] him in and he call[ed] out his name. [Officer Thompson] said he has been looking for [Plaintiff] so that he could arrest [him]. [Officer Thompson] could not produce any documentation that stated [Plaintiff] had a warrant/capias for [his] arrest." (Id.)

---

[1] The facts are taken from Plaintiff's Amended Complaint (which is comprised of his original Complaint and his response to the original motion to dismiss). As this stage, it is appropriate to accept Plaintiff's factual allegations as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

- 1 -

Plaintiff says that, when Officer Thompson approached him, Officer Thompson said he had a warrant for Plaintiff's arrest for failure to appear. (Compl. ¶ 2.) When Officer Thompson called in for a "warrants check," Plaintiff says the dispatcher told him that there was no arrest warrant issued for Plaintiff, but merely a summons. (Id.) Plaintiff tried to explain that the matter had been handled and cleared by the Martinsville courts. (Id.) Plaintiff says that, although he "had the paperwork in [his] hands that showed that the matter in which he stopped me had been resolved[,] . . . [Officer Thompson] did not believe [him]." (Id.)

Plaintiff says that Officer Thompson then handcuffed him, kneed him multiple times in the thigh, and elbowed him in the side of his face. (Compl. ¶ 3.) He says Officer Thompson "pepper sprayed" him multiple times and put him in the back of his DPD police cruiser. (Id.) Plaintiff asked for medical treatment and Officer Thompson denied it. (Id.) He states that Officer Thompson searched his vehicle without permission and "would claim that he found money and drugs in the car." (Id.) Officer Thompson said in later court proceedings "that he found drugs and could not produce the money that was found . . . ."[2] (Id.) Plaintiff alleges that the unlawful search violated his Fourth Amendment rights, and that the unlawful detention violated his civil rights. He also is asserting a cause of action against Officer Thompson for "excessive force." (Compl. ¶ 4.)

With regard to Defendant the City of Danville ("the City"), Plaintiff argues that "[t]his was clearly a failure to train, supervise, and discipline an officer by the officer not taking Mr. Elder to the hospital and for not looking at the arrest warrant to see if it was a capias or summons for failure to appear." (Compl. ¶ 5.) He asserts that "[t]he last time a police officer lied about what happen [sic] in a formal complaint in regards to shooting a dog and it was later found the

---

[2] Plaintiff is unclear if there actually *were* drugs or money in the car, or if Officer Thompson simply asserted that they were. He also fails to state whether he was charged with or convicted of any crime.

officer did not use justified force. The officer was fired and supervisors discipline [sic] for not doing a proper investigation." (Id.) Plaintiff also asserts "special treatment for certain officers while other officers get discipline." (Compl. ¶ 6.)

In his Amended Complaint,[3] Plaintiff adds that the City "has a custom of withholding video and audio recordings of those who are arrested and this goes against [Plaintiff's] Constitutional right to have exculpatory evidence." (Am. Compl. ¶ 4 [ECF No. 18].)

In his Response to the City's Motion to Dismiss, Plaintiff adds the following allegations:

> 1.) The City of Danville fail [sic] to supervise Officer Thompson & allowes [sic] him and other officers on the Street Crime Unit to comfront [sic] people based on suspicion which is a custom and policy.
> 2.) The city [sic] of Danville allowed Officer Thompson to assault & pepper spray me (Plaintiff) without requiring the officer filling out a use of force form[.]
> 3.) The City of Danville refused to hold an [sic] formal hearing to investigate my (Plaintiff) compliantsth [sic] in violation of my 4th and 8th amendment rights and due process and equal protection rights which is a City custom and policy.
> 4.) The City of Danville refused to release Audio & Video tapes to Plaintiffs [sic] is in violation of my due process rights and my right to face my accused which is a city custom and policy.
> 5.) The City of Danville allowed Officer Thompson to refuse Medical care to an injured person under arrest without discipline [sic] the officer for his behavior. This was violation of my 4th and 8th amendment rights against excessive force and cruel and unusual punishment!

(Pl.'s Resp. in Opp. of Def.'s Mot. to Dismiss pg. 1 [hereinafter "Pl.'s Resp."] [ECF No. 30].) These claims are not in either version of Plaintiff's Complaint.

Plaintiff originally filed his Complaint and a motion to proceed *in forma pauperis* in this Court on August 27, 2013. [ECF No. 1, 3.] In his Complaint, Plaintiff named both the City and

---

[3] Because Plaintiff is *pro se*, I entered an Order and instructed that the allegations contained in Plaintiff's "Complaint" and "Amended Complaint" would jointly constitute Plaintiff Amended Complaint. (Oct. 22, 2013, Order [ECF No. 19].) As such, references to the "Compl." and to the "Am. Compl." are only for ease of reference to the physical documents; *both* of them together contain the whole of Plaintiff's allegations against the City and Officer Thompson.

Officer Thompson as defendants. I granted his *in forma pauperis* motion and accepted the Complaint. Both defendants filed a Motion to Dismiss on October 18, 2013. [ECF No. 10.] Because Plaintiff's response sought "to remedy the alleged deficiencies of his original Complaint," I accepted his response (in conjunction with his originally filed Complaint) as his Amended Complaint. [ECF No. 19.] The City then filed a Motion to Dismiss, and Officer Thompson filed an Answer. The City now seeks to have Plaintiff's Amended Complaint dismissed as to Plaintiff's claims against the City only.

II. **STANDARD OF REVIEW**

As an initial matter, *pro se* complaints are held to "'less stringent standards than the formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In determining facial plausibility, I must accept all factual allegations in the complaint as true. Id. The Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (internal quotation marks omitted). Therefore, the Complaint must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and

conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

### III. ANALYSIS

Because Plaintiff's pleadings are not "model[s] of clarity," it is difficult to ascertain the claims he asserts and the theories on which he is proceeding. See Hales v. City of Newport News, Civil Action No. 4:11cv28, 2011 WL 4621182, at *3 (E.D. Va. Sept. 30, 2011). Because he explicitly states that jurisdiction is proper under 42 U.S.C. § 1983 (see Compl. pg. 1), I will first address the law of § 1983, and then turn to a discussion of sovereign immunity, insofar as it may be applicable to the claims Plaintiff raises.[4]

First and foremost, the statute at issue, 42 U.S.C. § 1983, states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivations of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

---

[4] I pause to note a misunderstanding that was evidenced by Plaintiff's arguments in court on this Motion. He argued that, if he were given the audio and video recordings of his arrest, they would prove his case. Unfortunately, seeking evidence to prove one's claims is not a basis for permitting a claim to go forward. If a plaintiff is able to state a claim against a defendant, he must do so in his complaint. The court will not sanction a "fishing expedition," regardless of how certain a plaintiff is regarding the veracity of the evidence he seeks to obtain. See Migdal v. Rowe Price-Fleming Intern., Inc., 248 F.3d 321, 326 (4th Cir. 2001) ("Conclusory allegations in a complaint, if they stand alone, are a a danger sign that the plaintiff is engaged in a fishing expedition."). In order to proceed to discovery—the stage at which Plaintiff may request the evidence he seeks—Plaintiff must lay out his facts in his Complaint and, if I assume all the facts he asserts are true, Plaintiff will proceed only if his Complaint would entitle him to relief if all the facts are proven to be true. Anything less will result in a dismissal.

While it is true that "[c]ourts must allow a *pro se* complaint to go forward where the complaint is broad and contains a 'potentially cognizable claim' that the plaintiff can later particularize," Peck v. Merletti, 64 F. Supp. 2d 599, 602 (E.D. Va. 1999), Plaintiff's Amended Complaint does not contain a potentially cognizable claim against the City. Even if Plaintiff is given the alleged video, it would not and could not prove the claims he asserts against the City. As stated more fully in the text that follows, the gravamen of a § 1983 claim against a municipality is the existence of a custom, policy, or practice of the municipality. No such evidence would exist on the alleged video.

42 U.S.C. § 1983 (2013). It is beyond dispute that municipalities are "persons" for the purposes of § 1983. See Collins v. City of Harker Heights, 503 U.S. 115, 120 (1992).

Municipality liability under § 1983, however, only attaches "where the constitutionally offensive actions of employees are taken in furtherance of some municipal policy or custom." Walker v. Prince George's Cnty., 575 F.3d 426, 431 (4th Cir. 2009). "Section 1983 Plaintiffs seeking to impose liability on a municipality must, therefore, *adequately plead* and prove the existence of an official policy or custom that is fairly attributable to the municipality and that proximately caused the deprivation of their rights." Jordan by Jordan v. Jackson, 15 F.3d 333, 338 (4th Cir. 1994) (emphasis added).

In the present case, Plaintiff has asserted the City has several customs or policies which relate to his claims. First, he says the City "has a custom of withholding video and audio recordings of those who are arrested and this goes against my constitutional right to have exculpatory evidence." (Am. Compl. ¶ 4.) Assuming the City does in fact have such a policy, Plaintiff has not articulated any way in which the failure to release the audio and/or video recordings of his arrest have caused him any constitutional harm. He does not assert that he was convicted of any crime or that, if he was, the audio and/or video evidence would have actually been exculpatory. The blanket statement that he has a right to exculpatory evidence and the City has a policy of withholding such evidence fails to state a claim.

Moreover, the blanket assertion that a policy exists, without more, fails the minimum pleading requirements imposed by Iqbal and Twombly. The District Court for the Eastern District of Virginia was faced with a similarly vague complaint in Hales v. City of Newport News. In that case, the plaintiff asserted that the police who arrested her violated her constitutional rights by failing to grant her medical care when her handcuffs, which were applied

too tightly, caused injuries to her wrists. Hales, 2011 WL 4621182, at *1. In her complaint, the plaintiff alleged that the city of Newport News "had a policy and custom . . . of using excessive and reckless force in dealing with citizens and in handling suspects . . . ." Id. at *14. In dismissing the action, the court said:

> [A] plaintiff seeking to attribute liability based on [a municipality's] policy or custom must still satisfy "the usual requirements of notice pleading specified by the Federal Rules." Such pleading standard requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." It is insufficient for a plaintiff to present "'naked assertions' of wrongdoing" because without facts to support such conclusory statements, the unadorned claims fail to "cross 'the line between possibility and plausibility of entitlement to relief.'"

Id. at *13 (internal citations omitted). Addressing the plaintiff's pleadings, the court noted that the plaintiff "fail[ed], however, to present a single fact to support her conclusory statements regarding the existence of an official policy and or custom related to the treatment of suspects by Newport News police officers." Id. at *14.

The same is true here. Plaintiff has asserted that the City has a "custom of withholding video and audio recordings of those who are arrested," yet fails to offer *any* factual assertion to support his claim that such a policy exists. "Plaintiff advances the wholly unsupported leap in logic that," because he was allegedly denied exculpatory evidence, "there must be a policy or custom . . . that led to such treatment. Such 'naked assertion' fails on its face." Id.; see also Revene v. Charles Cnty. Com'rs, 882 F.2d 870, 875 (4th Cir. 1989) ("[Section] 1983 claims which on critical elements of a claim merely recite legal conclusions 'wholly devoid of facts,' may properly be dismissed for insufficiency of statement); Allen v. City of Fredericksburg, No. 3:09cv63, 2011 WL 782039, at *8 (E.D. Va. Feb. 22, 2011) (unpublished). As is the case with

Plaintiff's Complaint, an allegation of "[a] single act of the type here alleged cannot suffice, standing alone, to establish the existence of such a policy." Revene, 882 F.2d at 875.

Finally, with regard to the audio/video evidence, Plaintiff asserts that he applied for the evidence pursuant to the Virginia Freedom of Information Act ("FOIA"). (Am. Compl. ¶ 4.) Assuming the City improperly denied a FOIA request, such an allegation is a question for a state court to determine in a FOIA action.[5] See Va. Code Ann. § 2.2-3713 (2013). While it is arguably true that Plaintiff has a constitutional right to the evidence he seeks, see Brady v. Maryland, 373 U.S. 83, 86 (1963) (holding that prosecutor's act of withholding exculpatory material violated petitioner's due process rights), Plaintiff has not alleged any injury as a result of the alleged violation.

Plaintiff's remaining assertions regarding the City's policies are not in his Complaint or Amended Complaint, but rather in his Response in Opposition to Defendant's Motion to Dismiss [ECF No. 30].[6] Nevertheless, even assuming Plaintiff adequately pled the remaining claims regarding City policies, the claims would suffer the same defects as the claim noted above. Plaintiff has not offered any factual support to show that the City actually *has* or *implements* the policies he alleges.

In his Amended Response in Opposition to the Motion to Dismiss [ECF No. 33], Plaintiff provides several DPD policies regarding use of force and the retention of video evidence. Unfortunately, the policies prove the exact opposite of what Plaintiff claims in his Amended

---

[5] Plaintiff has a heavy burden to show that denial of a FOIA request constituted a constitutional injury. I do not hold, however, that a refusal to release information pursuant to a FOIA request and to which a party is constitutionally entitled would not, under appropriate circumstances, violate 42 U.S.C. § 1983; I merely hold that the allegations here do not suffice.

[6] See Pl.'s Resp. pg. 1.

Complaint. In order for him to proceed in light of the evidence he provides,[7] he would need to allege, with sufficient specificity, that the City has a policy and practice of *ignoring* its written policies *and* that the policy of ignoring its policies resulted in a violation of Plaintiff's constitutional rights. Plaintiff has not come close to this standard in any of his filings with the Court.

Insofar as Plaintiff alleges that the City failed adequately to train or supervise Officer Thompson (see Compl. ¶ 5), such an action is colorable under § 1983, but Plaintiff has failed to plead such a claim. There are "limited circumstances in which an allegation of a 'failure to train' can be the basis for liability under § 1983." City of Canton, Ohio v. Harris, 489 U.S. 378, 387 (1989). It is "[o]nly where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983." Id. at 388. Here, the extent of Plaintiff's allegations that could conceivably be construed as a failure to train claim are his statements that "[t]he [C]ity of Danville allowed Officer Thompson to assault & pepper spray me (Plaintiff) without requiring the officer filling out a use of force form" (Pl.'s Resp. ¶ 2), that the City "allowed Officer Thompson to refuse medical care to an injured person under arrest without discipline [sic] the officer for his behaivor [sic]" (Pl.'s Resp. ¶ 5), and that "[t]here was clearly a failure to train, supervise, and discipline an officer . . . ," (Compl. ¶ 5). Plaintiff has not asserted, however, that the City was acting in accordance with a policy or custom, offered any further factual support to show that there actually *is* a policy or custom, or alleged or shown that the policy or custom is "deliberately indifferent" to the rights of the

---

[7] I note that Plaintiff's Amended Response is not proper and was not approved by the court, and that evidence of this type is inappropriate for consideration under Rule 12(b)(6). The Amended Response and the evidence asserted were not considered for the purposes of this Motion, but I point them out to show the futility of granting Plaintiff leave to amend his Complaint a second time.

citizens of Danville. As such, even if the allegations were pled in the proper pleadings, they would still fail to state a claim under § 1983.

Plaintiff's claims could also generously be read as asserting that the City is liable for the torts committed by Officer Thompson.[8] Such causes of action, however, are insufficient to state a claim against the City because they are barred by sovereign immunity. It is well-settled that "the doctrine of sovereign immunity is 'alive and well' in Virginia," Messina v. Burden, 228 Va. 301, 307 (1984), and the principle "protects municipalities from tort liability arising from the exercise of governmental functions," Hoggard v. City of Richmond, 172 Va. 145, 147-48 (1939). As the Supreme Court of Virginia stated in Niese v. City of Alexandria:

> [A] municipality is clothed with two-fold functions; one governmental, and the other private or proprietary. In the performance of a governmental function, the municipality acts as an agency of the state to enable it to better govern that portion of its people residing within its corporate limits. To this end there is delegated to, or imposed upon, a municipality, by the charter of its creation, powers and duties to be performed exclusively for the public. In the exercise of these governmental powers a municipality is held exempt from liability for its failure to exercise them, and for the exercise of them in a negligent or improper manner. This immunity is based on the theory that the sovereign can not [sic] be sued without its consent, and that a designated agency of the sovereign is likewise immune.

Niese v. City of Alexandria, 264 Va. 230, 238 (2002) (quoting Hoggard, 172 Va. at 147-48). Importantly, "a municipal corporation acts in its governmental capacity in . . . maintaining a police force." Hoggard, 172 Va. at 148. "Accordingly, a municipality is immune from liability for a police officer's negligence in the performance of his duties as a police officer." Niese, 264 Va. at 239. Therefore, insofar as Plaintiff asserts that Officer Thompson was negligent in failing

---

[8] Allegations that the City itself committed the tort of negligence in its supervision or discipline of Officer Thompson would fall under the same sovereign immunity analysis as the torts Officer Thompson is alleged to have committed. See Hoggard v. City of Richmond, 172 Va. 145, 147-48 (1939).

- 10 -

to understand the difference between a summons and a warrant, and insofar as Plaintiff asserts that Officer Thompson was negligent in effectuating his arrest or in failing to permit him to seek medical treatment, no liability can be claimed against the City because such liability is barred by sovereign immunity. The Complaint, therefore, fails to state a claim for which relief may be granted.

Moreover, insofar as Plaintiff alleges intentional torts by Officer Thompson for which the City is liable, the Supreme Court of Virginia has held that "a municipality is immune from liability for intentional torts committed by an employee during the performance of a governmental function." Id. In Niese, the plaintiff asserted that the City of Alexandria was liable when its police officer repeatedly raped her during his investigation of her complaint concerning her son. The Supreme Court held that "[t]he investigation of a citizen's complaint is certainly part of the governmental function of providing a police force, . . . [and] the City cannot be liable for the alleged intentional torts committed by" the investigating officer." Id. at 240.

The doctrine of sovereign immunity would compel the same result here. In the absence of some showing that immunity has been waived by the state (and the City) as to Plaintiff's claims, see Carter v. Morris, 164 F.3d 215, 221 (4th Cir. 1999), the doctrine bars any claim Plaintiff asserts against the City for the intentional torts of assault and battery by Officer Thompson. (See Compl. ¶ 6 ("Officer Thompson got away with not reporting that he assaulted and pepper spray [sic] . . . .")) Because Officer Thompson was acting in a governmental function when he seized Plaintiff and searched his car, any City liability for any intentional tort he committed at the time would be barred by sovereign immunity.

## IV. CONCLUSION

Because Plaintiff fails to state a cause of action against the City under 42 U.S.C. § 1983, and because any claims against the City based on the torts of its employee are barred by sovereign immunity, the City's Motion to Dismiss is **GRANTED**. The case shall proceed against Officer Thompson only.

The Clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to all parties and counsel of record.

Entered this 12th day of December, 2013.

s/Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE